UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY BIERMAKER,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Case No. 14-12301

Paul D. Borman
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

OPINION AND ORDER
(1) DENYING PLAINTIFF'S OBJECTIONS (ECF NO. 27);
(2) ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF NO. 26);
(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 24);
(4) GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT (ECF NO. 23); AND
(5) DISMISSING THE CASE

On June 13, 2016, Magistrate Judge Stephanie Dawkins Davis issued a Report and Recommendation addressing the outstanding motions in this action. (ECF No. 26). In the Report and Recommendation, the Magistrate Judge suggests that this Court deny Plaintiff Kelly Biermaker's Motion for Summary Judgment (ECF No. 24). Further, the Magistrate Judge recommends that this Court grant Defendant Commissioner of Social Security's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 23).

Now before the Court is Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 27, Objections.) Defendant filed a timely reply. (ECF No. 28.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the

Court will deny Plaintiff's Objections, adopt the Magistrate Judge's Report and Recommendation, deny Plaintiff's motion for summary judgment, and grant the Defendant's motion to dismiss, or in the alternative, motion for summary judgment.

## I. BACKGROUND

The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the Administrative Record are accurately and adequately set forth in the Report and Recommendation and the Court incorporates those factual recitations here. (ECF No. 26, Report and Recommendation at 3-5.)

Briefly, on December 8, 2011, Plaintiff applied for disability insurance benefits and alleged a disability onset date of May 30, 2008, due to fibromyalgia. (Tr. 102-108.) Her application was denied and she then requested a hearing before an ALJ. (Tr. 55, 62.) Plaintiff appeared with counsel before ALJ JoErin O'Leary on January 4, 2013. (Tr. 28-45.)

On February 7, 2013, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 14-27.) The ALJ concluded in her decision that Plaintiff suffered from the severe impairments of fibromyalgia and scoliosis. (Tr. 19.) The ALJ then determined that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 19-20.) Critically, the ALJ noted that "[n]o treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments" (Tr. 20.) Further, the ALJ recognized that Plaintiff complained of a "burning, tingling sensation in her extremities, as well as occasional

lower extremity numbness. However .... the record does not demonstrate persistent disorganization of motor function in at least two extremities, resulting in sustained disturbance in either gait or station or the ability to perform gross and dexterous movements. The claimant can walk and drive short distances and perform most household chores." (*Id.*)

The ALJ determined that the Plaintiff had the residual functioning capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567(b) except that she could only occasionally climb, balance, stoop, kneel, crouch, or crawl. (*Id.*) The ALJ concluded that Plaintiff's allegations regarding the extent of her symptoms were "less than fully credible" because her reports to physicians, her daily activities, and the medical evidence of record were not consistent with the degree of impairment alleged by Plaintiff. (Tr. 21-22.)

The ALJ then determined that Plaintiff could perform her past work as a bus monitor. (Tr. 23-24.) Considering Plaintiff's age, education, work experience, and residual functional capacity, and relying upon the testimony of the VE, the ALJ also concluded, in the alternative, that Plaintiff was capable of performing the representative occupations such as kitchen helper, food preparation worker, and cashier which existed in significant numbers in the national economy. (*Id.*) Therefore, the ALJ concluded that Plaintiff was not disabled. (Tr. 24.)

The ALJ's decision became the final decision of the Commissioner on April 9, 2014, when the Appeals Counsel denied Plaintiff's request for review. (Tr. 1-4.) Thereafter, Plaintiff timely filed the instant federal action seeking judicial review of the Defendant's decision. (ECF No. 1.) Both Plaintiff and Defendant filed motions for summary judgment. (ECF Nos. 9, 10.) A Report and Recommendation issued on March 26, 2015, wherein Magistrate Judge Michael J. Hluchaniuk found the ALJ's decision was supported by substantial evidence and also

admonished Plaintiff's then counsel for his performance and recommended monetary sanctions. (ECF. No. 11.) Plaintiff objected to that Report and Recommendation, but before the objection could be resolved the action was transferred to a three judge panel pursuant to Administrative Order 15-AO-045. Thereafter, in light of the resolution of the three judge panel, this Court denied Plaintiff's and Defendant's motions for summary judgment, the Magistrate Judge's Report and Recommendation, and Plaintiff's objections as moot. (ECF No. 20.)

Plaintiff was ordered to file a second motion for summary judgment no later than March 9, 2016 or risk dismissal. (ECF No. 22.) Plaintiff did not file a motion for summary judgment by this date. On March 10, 2016, Defendant filed a motion to dismiss based upon Plaintiff's failure to prosecute the case, or in the alternative, a motion for summary judgment based upon the earlier, now moot, Report and Recommendation. (ECF No. 23.) Thereafter, Plaintiff filed a motion for summary judgment and a motion for an extension of time. (ECF Nos. 24, 25.) The Magistrate Judge granted the motion for an extension of time. Neither party filed a responses to the pending dispositive motions.

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)); *see also Cutlip v. Sec't of Health and Human Servs.*, 25 F.3d 284, 286 (1994) ("Judicial review of the Secretary's decisions

is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards.").

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to the second inquiry – whether proper legal criteria were followed – a decision of the Commission supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. Indeed, "[i]t is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247; *see Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (providing that the "ALJ's credibility determinations about the claimant are to be

given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (citation omitted)).

Finally, the Court notes that a general objection that merely rehashes the argument previously made by the party is insufficient to alert this Court to any alleged error. Moreover, a party's objection that does nothing more than disagree with the Magistrate Judge's recommendation is not a proper objection. *See Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Slater v. Potter*, 29 F. App'x 512, 513 (6th Cir. 2002) ("the filing of vague, general or conclusory objections does not meet the requirement of specific objections and its tantamount to a complete failure to object.").

## III. ANALYSIS

Plaintiff failed to comply with the Magistrate Judge's explicit instructions, set forth in the Report and Recommendation, that an objecting party must label any objection as "Objection No. 1," "Objection No. 2," etc. and "recite precisely the provision of this Report and Recommendation to which it pertains." (ECF No. 26, at 26.) The Court finds the majority of Plaintiff's objections to be both vague and conclusory and thus not entitled to a de novo review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (finding only specific objections are entitled to de novo review.) "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). To the extent that the Court can discern specific objections, those three objections are addressed below.

A. Objection 1

Plaintiff first appears to object to the Magistrate Judge's characterization of Plaintiff's statements to Dr. Siva Sankaran. (Obj., at 2.) Plaintiff argues that she never advised Dr. Sankaran that she could "walk a few blocks or climb a flight of stairs with no difficulty..." (ECF No. 26, at 18; *see also* Tr. 21, "[T]he claimant told Dr. Sankaran that she could walk a few blocks or climb a flight of stairs with no difficulty...") Rather, Plaintiff contends that she advised Dr. Sankaran that "she is able to walk two or three blocks without difficulty. She can go up one flight of stairs." (Tr. 194.) While Plaintiff has pointed out this discrepancy, Plaintiff has not articulated how Plaintiff's ability to climb a single flight of stairs rather than to do the same "with no difficulty" was significant to the ALJ's or the Magistrate Judge's analysis. Indeed, this fact was just one of many relied upon by the Magistrate Judge in her evaluation of whether the ALJ's decision was supported with substantial evidence. For this reason, the Court finds that even if this characterization of Dr. Sankaran's statement can be construed as error, it did not affect the Magistrate Judge's ultimate recommendation and constitutes harmless error.

B. Objection 2

Plaintiff's second objection appears be that the Magistrate Judge erred when she misstated Plaintiff's testimony regarding her ability to lift 10 pounds. Plaintiff contends that the ALJ and the Magistrate Judge ignored her contemporaneous testimony that, "when I go to make a bed or something, you know how you have to lift the thing up to put the thing in, I get really bad pains in my wrists and in my hands." (Tr. 33.)

The Court denies Plaintiff's objection. While true Plaintiff testified that changing sheets on a bed caused her to have pains in her wrists and hands, she also explicitly testified in response to a direct question that she could "comfortably" lift "maybe 10 pounds." (Tr. 33.) Therefore, the Court agrees with the Magistrate Judge and the ALJ that Plaintiff did, in fact, testify that she could comfortably lift 10 pounds. (ECF No. 26, at 18.) Further, the Court notes that in concluding that Plaintiff could perform the lifting requirements of light work, the ALJ noted that Plaintiff had demonstrated "consistently normal... strength" and Dr. Margaret Fountain's conclusion that Plaintiff was capable of light work with occasional postural activities, but no environmental or manipulative limitations." (Tr. 21-22.) Thus, the ALJ's conclusion was supported by other evidence in the record beyond Plaintiff's testimony.

    C.    Objection 3

As to the ALJ's credibility evaluation, Plaintiff appears to argue that the Magistrate Judge erred when she failed to address the fact that "the ALJ made a blanket claim that her activities are 'inconsistent with a finding of disability,' but cited no such inconsistency." (Obj., at 6.) Plaintiff also argues that the Magistrate Judge made "no attempt to address any of the statements from Plaintiff and her husband about one of her most severe manifestations of [fibromyalgia], impaired sleep." (*Id.*)

The Court finds Plaintiff's argument regarding the ALJ's credibility assessment is unpersuasive and unsupported in the record. The Magistrate Judge and the ALJ sufficiently addressed Plaintiff's activities of daily living and how those activities were inconsistent with her claimed level of impairment and disability. (ECF No. 26, 17-18; Tr. 21-22.) To wit, the Magistrate Judge accurately noted that the ALJ considered that Plaintiff could walk a few blocks

and climb a flight of stairs, she was independent with her household chores, and that she experienced fatigue only occasionally." (ECF No. 26, at 18.) Further, the ALJ noted that Plaintiff had helped to care for children and an elderly family member in June 2012, and while she was not "actively involved in their daily care" and did not perform heavy lifting or personal care activities, "her ability to perform such a role even on a limited basis is inconsistent with a finding of disability." (Tr. 21-22.)

Plaintiff's cursory objection regarding the treatment of her and her husband's allegations regarding her lack of sleep are similarly without a factual basis. The Magistrate Judge and the ALJ both explicitly discussed Plaintiff's allegations and her husband's statement that she had difficulty sleeping because of pain. (*See* ECF No. 26, at 18; Tr. 21.) Given this record which clearly rebuts Plaintiff's arguments, Plaintiff's objections are denied.

## IV. CONCLUSION

For all these reasons, the Court DENIES Plaintiff's Objections (ECF No. 27), ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 26), DENIES Plaintiff's Motion for Summary Judgement (ECF No. 24), GRANTS Defendant Commissioner's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 23) and DISMISSES this action with prejudice.

IT IS SO ORDERED.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: September 20, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 20, 2016.

                                        s/Deborah Tofil
                                        Case Manager